UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09-CR-251 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| THEODORE C. BARTLEBAUGH, | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This memorandum opinion and order arises out of the motion of Defendant Theodore C. Bartlebaugh to enlarge the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4). For the following reasons, Bartlebaugh's motion is **DENIED.**

## I.    BACKGROUND

On May 29, 2009, the Government filed an information charging Bartlebaugh with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b). (Doc. No. 1.) On June 22, Bartlebaugh pled guilty to the information. On October 28, 2009, this Court held a sentencing hearing and sentenced Bartlebaugh to the custody of the bureau of prisons for a term of 87 months, a ten-year term of supervised release, a $100 special assessment, and restitution in the amount of $1,000 to the victim of the "Vicky" series of child pornography. At the hearing, the Court advised Bartlebaugh of his appellate rights, including the time for filing a notice of appeal. The Court formally entered judgment the following day, October 29, 2009.[1]

---

[1] "A judgment or order is entered for the purposes of Rule 4(b) when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6). Therefore, the Court shall use October 29, 2009, as the date from which Bartlebaugh's time to file a notice of appeal started.

(Doc. No. 16.)

On December 7, 2009, Bartlebaugh filed a notice of appeal to the Sixth Circuit of this Court's October 29 judgment.[2] (Doc. No. 18.) On January 13, 2010, the Sixth Circuit issued an order regarding Bartlebaugh's appeal, which states in relevant part:

> Under the version of the rule then in effect, Bartlebaugh had ten days (as calculated under FED. R. APP. P. 26(a)) from the entry of judgment in which to file a timely notice of appeal. FED. R. APP. P. 4(b)(1). Under the version of the rule in effect after December 1, 2009, Bartlebaugh had 14 days in which to file a notice of appeal. *Id*. Under both versions, Bartlebaugh's notice of appeal was due to be filed on or before November 12, 2009. His notice of appeal therefore is late. The time limit for filing a notice of appeal is strictly applied. *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006); *United States v. Guardino*, 972 F.2d 682, 685 (6th Cir. 1992).
>
> Under FED. R. APP. P. 4(b)(4), however, Bartlebaugh could seek a 30-day extension of the time in which to file a notice of appeal. Although his notice of appeal was late, it was filed within this 30-day period. If the district court grants Bartlebaugh an extension of time to appeal, even outside the time for appeal, a notice of appeal that was filed within that time is rendered timely. *Dotz*, 455 F.3d at 647; *United States v. Wrice*, 954 F.2d 406, 409-10 (6th Cir.) (per curiam), *cert. denied*, 504 U.S. 945 (1992).

(Sixth Circuit Case No. 09-4558, Doc. No. 00618453033.) In its order, the Sixth Circuit ordered Bartlebaugh to state in writing within 21 days why his "appeal should not be dismissed as untimely and whether he has sought an extension of time to appeal from the district court." On January 21, 2010, the Sixth Circuit appointed attorney Spiros P. Cocoves to represent Bartlebaugh.

On January 22, Bartlebaugh filed a motion for extension of time to file a notice of appeal in this Court. On January 27, the Government filed a response in opposition. Against this

---

[2] Bartlebaugh's notice of appeal was docketed on December 11, 2009. Appellate Rule 4(c)(1), however, provides that if a notice of appeal is filed by an inmate confined in an institution, such "notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." FED. R. APP. P. 4(c)(1). Although it is unclear if Bartlebaugh complied with the procedural requirements of that rule, which requires either "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement" setting forth the date the notice was deposited with the institution, this Court shall, for the purpose of this order, consider Bartlebaugh's notice filed as of December 7, 2009, the date listed on the notice.

backdrop, Bartlebaugh's motion is ripe for decision.

## II. DISCUSSION

Bartlebaugh had until November 13, 2009, to timely file his notice of appeal under Rule 4(b) of the Federal Rules of Appellate Procedure.[3] Bartlebaugh did not file his notice of appeal until December 7, 2009, rendering it untimely. Rule 4(b)(4), however, is not absolute, and provides for an extension as follows:

> *Upon a finding of excusable neglect or good cause*, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed [by this rule].

*United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) (emphasis added). Interpreting the excusable neglect/good cause portion of the rule, the Sixth Circuit has held that "a district court has the discretion to consider a motion to extend the time for appeal beyond the 10-day deadline *if and only if* it is filed within 30 days after the 10-day deadline, or 40 days from the date of entry of judgment." *United States v. Tarrant*, 158 F.3d 946, 947 (6th Cir. 1998) (emphasis in original). In this case, as noted by the Sixth Circuit in its order, Bartlebaugh's December 7 filing falls within 40 days from the date of entry of judgment, and allows him to seek an extension under Rule 4(b)(4).

Granting an extension under Rule 4(b)(4) is not automatic, however, and any extension must be predicated on a district court's "finding of excusable neglect or good cause." In *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996), the Sixth Circuit held that the liberal

---

[3] In its order, the Sixth Circuit lists November 12, 2009, as the timely filing date. Under the version of Rule 4(b) in effect on the date of judgment, Bartlebaugh's notice of appeal was required to be filed in the district court within 10 days of the entry of judgment, October 29, 2009. Excluding the day of the judgment entry, Saturdays, Sundays, and legal holidays, *see* FED. R. APP. P. 26(a) (as in effect at the time), Bartlebaugh's notice was due November 13, 2009. Under the current version of Rule 4(b), which took effect December 1, 2009, Bartlebaugh's appeal was required to be filed in the district court within 14 days of the entry of judgment, October, 29, 2009. Excluding the day of the judgment entry, but including Saturdays, Sundays, and legal holidays, *see* FED. R. APP. P. 26(a) (effective Dec. 1, 2009), Bartlebaugh's notice was due November 13, 2009.

standard of excusable neglect set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd*. *Partnership*, 507 U.S. 380, 394 (1993) applies in requests for extension of time to file a notice of appeal both in criminal and civil cases under FED. R. APP. P. 4. *Thompson*, 82 F.3d at 702. Under *Pioneer*, the Supreme Court was presented with the question of what constitutes "excusable neglect" under Bankruptcy Rule 9006(b)(1). The Court found that the rule grants a party "a reprieve to out-of-time filings that were delayed by 'neglect.'" *Pioneer*, 507 U.S. at 388. The Court defined neglect as some jurisdictional act which was left "'undone or unattended to especially through carelessness.'" *Id*. (citation omitted). Neglect thus encompasses both simple, faultless omissions to act and omissions caused by carelessness. *Id*.

With *Pioneer* as its basis, the Supreme Court expanded in *Stutson v. United States*, 516 U.S. 193 (1996) (per curiam) its "excusable neglect" analysis beyond the confines of the bankruptcy rules to FED. R. APP. P. 4. In *Stutson*, the Supreme Court noted that the "liberal understanding of 'excusable neglect'" announced in *Pioneer* is especially applicable in criminal appeals under FED. R. APP. P. 4(b). *Stutson,* 516 U.S. at 196. There, the Supreme Court noted:

> When a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights, to which the important public interests in judicial efficiency and finality must occasionally be accommodated.

*Id.* Despite the liberal language found in *Pioneer* and *Stutson*, however, the Sixth Circuit cautioned that "a district court should not carte blanche grant motions for extensions of time under FED. R. APP. P. 4." *Thompson*, 82 F.3d at 702. The court in *Thompson* then proceeded to establish a test for district courts to apply to Appellate Rule 4 in light of *Pioneer* and *Stutson*:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration,

> the district court may then choose to exercise its discretion and deny the requested extension.

*Id.*

In this case, Bartlebaugh cannot meet the *Thompson* standard. Bartlebaugh's motion provides absolutely no explanation whatsoever for his untimely filing, and gives the Court absolutely no basis upon which to find excusable neglect. "If no excusable neglect is shown, the extension cannot be granted." *Thompson*, 82 F.3d at 702. While the Court is therefore not required to examine questions of prejudice and bad faith, it does note that Bartlebaugh's appeal raises only ineffective assistance of counsel issues. The usual rule is that a defendant may not raise claims for ineffective assistance of counsel on direct appeal. *United States v. Williams*, 176 F.3d 301, 312 (6th Cir. 1999). Rather, "'the more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. § 2255,' whereby the parties can develop an adequate record." *United States v. Barrow*, 118 F.3d 482, 494 (6th Cir. 1997) (quoting *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993)); *see also United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005) (applying rule that a post-conviction proceeding under 28 U.S.C. § 2255 is the proper vehicle for a claim of ineffective assistance of counsel). The Court notes that Bartlebaugh has ample time to raise his ineffective assistance claims via a § 2255 petition should he choose to do so.

### III. CONCLUSION

Finding no good cause or excusable neglect, Bartlebaugh's motion to enlarge the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4) is **DENIED**.

**IT IS SO ORDERED**.

Dated:       January 28, 2010

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**